```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DELMAR GLENN CASTLEBERRY,

                Plaintiff,

vs.                                  Case No.  2:11-cv-331-FtM-29DNF

EDWIN G. BUSS, PATRICK BROWN, RICKY
DIXON, JOHN S. TATE, NICOLAS O.
CABRERO-MUNIZ, GERALDINE ANN JONES,

                Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court upon review of the Defendants' Amended Motion to Dismiss (Doc. #22, Motion), filed on behalf of Defendants Buss, Cabrero, Tate and Dixon.  The Motion attaches the following exhibits in support: "Exhibit A," Plaintiff's "informal grievance" dated April 15, 2011, with response, dated May 3, 2011 (Doc. #22-1 at 1-6); "Exhibit B," Plaintiff's "appeal" to the Secretary of the Department of Corrections, received May 25, 2011, and "returned without action" on May 27, 2011 (Doc. #22-1 at 7-9), and "Exhibit C," Affidavit of Rebecca Padgham, Management Analyst I for the Florida Department of Corrections, Bureau of Inmate Appeals (Doc. #22-1 at 10-11). Plaintiff, who is represented by counsel,[1] filed a response in opposition (Doc. #24, Response) and attached various exhibits,

---

[1] Counsel for Plaintiff entered their appearance on August 15, 2011 (Doc. #13).

marked "Exhibits A" through Exhibit "I" (Doc. #24-1 through #24-9). After being granted leave, Defendants filed a Reply (Doc. #27, Reply). This matter is ripe for review.

## I. Background

Plaintiff Delmar Glenn Castleberry initiated this action as a prisoner in the custody of the Florida Department of Corrections by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) on May 31, 2011.[2] Plaintiff attached supporting exhibits to his Complaint. See Docs. #1-1, #1-2, and #1-3. Plaintiff also filed a Supplement to his Complaint (Doc. #3) attaching additional exhibits. See Doc. #3-2. Plaintiff names the following Defendants in their individual and in their official capacities: Edwin G. Buss, Patrick Brown, Ricky Dixon, John S. Tate, Nicolas O. Cabrero-Muniz and Geraldine Ann Jones.[3] See Complaint.

Plaintiff alleges a deliberate indifference to a serious medical condition claim under the Eighth Amendment. See generally Complaint. The gravamen of the Complaint is that Plaintiff's request for an MRI and treatment by an orthopedic specialist for

---

[2] Although received and filed by the Court on June 6, 2011, pursuant to the "mailbox rule" the Court deems the Complaint filed on the date Plaintiff signed the Complaint and delivered it to prison officials for mailing. See Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993)(extending the holding of Houston v. Lack, 487 U.S. 266 (1988) to *pro se* prisoners filing section 1983 complaints).

[3] Service of process has not yet been executed on Defendants Brown and Jones.

Plaintiff's medical condition "evident by [an] x-ray taken on September 23, 2010" was delayed and thus, unnecessarily caused Plaintiff continued pain and suffering that may result in permanent disability. Id. at 8. Specifically, Plaintiff claims that when he arrived at DeSoto Correctional on December 8, 2010, he "declared at orientation to R.M. Jacobson that [he] was in severe, at time excruciating, pain in [his] lower back, right hip, right ankle and the back of [his] head in the neck area." Plaintiff was told "to seek treatment through sick call." Id. Plaintiff states that on January 26, 2011, while at the "chronic heart clinic" he requested an MRI for his chronic pain, but was told by Defendant Jones that his request would be denied because of budget cuts. Id. at 11. Plaintiff states that he signed a consent form for an MRI on February 28, 2011; and, followed up on his initial request by filing another request on March 28, 2011 with Defendant Dixon concerning his need for medical treatment. Id. at 13. According to the Complaint, Defendant Tate responded on behalf of Defendant Dixon telling Plaintiff that he was being referred to "Utilization Management for Specialty Treatment," as referrals were not automatic. Id. at 13-14. On April 5, 2011, Plaintiff saw Defendant Jones and learned that his MRI was denied by the doctor. Id. at 13. As a result, Plaintiff filed an informal grievance to Defendant Dixon on April 19, 2011. Id. The informal grievance was returned to him on May 3, 2011, stating that his informal grievance was "approved." Id. Plaintiff states that the approval of his

informal grievance, which was signed by Defendant Dixon, is an "attestation of deliberate indifference to medical treatment." Id. Additionally, Plaintiff claims that the approved informal grievance is an "attestation that Plaintiff is handicapped as per Department and ADA rules; and, that the deliberate indifference of medical treatment and disregard of his specialty medical treatment, are evidence of elder abuse." Id. at 15. It appears from the Complaint that Plaintiff eventually underwent an MRI on May 18, 2011 at Kendall Medical Center. Id. at 16. Due to the alleged delay, Plaintiff seeks declaratory judgment, as well as compensatory and punitive damages against each Defendant as relief. Id. at 16-17.

Defendants Buss, Cabrero, Tate and Dixon move to dismiss the Complaint on the following grounds: (1) Plaintiff has not exhausted his administrative remedies as required by the PLRA; (2) Defendants are entitled to Eleventh Amendment immunity; (3) Plaintiff has not sufficiently stated a claim for damages; (4) Plaintiff fails to state a claim for denial of medical care under the Americans with Disabilities Act; and, (5) Plaintiff fails to state a claim against Defendants Tate and Dixon. See generally Motion.

## II. Applicable Law

Defendants submit that Plaintiff's current action must be dismissed because he "failed to properly exhaust his administrative remedies" prior to initiating the action. Motion at 7. Plaintiff

asserts that "exhaustion is not a pleading requirement under the Prison Litigation Reform Act but rather is an affirmative defense." Response at 2. Nonetheless, Plaintiff contends that he did, in fact, exhaust his administrative remedies. Id.; see also Inmate Grievances attached thereto.

The Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e(a) (emphasis added). A prisoner must exhaust all available administrative remedies before filing an action in federal court. Woodford v. Ngo, 548 U.S. 81, 88 (2006)(emphasis added); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Admittedly, prisoners are not required to plead exhaustion, Jones v. Bock, 549 U.S. 199, 216 (2007), however, "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." Id. at 211; see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). In order to exhaust his administrative remedies, an inmate is required to comply with "all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. <u>Bryant v. Rich</u>, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." <u>Id.</u> (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." <u>Id.</u> at 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. <u>Id.</u> at 1377, n.16.

### III. Findings

Here, Defendants claim that Plaintiff has failed to properly exhaust his administrative remedies that are available within the Department of Corrections. Motion at 9. In particular, Defendants assert that from December 2010, when Plaintiff arrived at DeSoto Correctional and first advised officials of his chronic pain, until May 31, 2011, when Plaintiff filed this action, the Department's records reflect that "there was only one grievance appeal on record with the Office of the Department Secretary and it was returned without action due to Plaintiff's failure to comply with the rules governing the inmate grievance procedure." Reply at 4.

Specifically, Defendants explain that Plaintiff's grievance appeal was returned without a response to the merits of Plaintiff's claims because Plaintiff failed to comply with the Department's established three-step grievance procedure. Id. In particular, the Department's established grievance procedure provides:

> First, an inmate must file an informal grievance 'to the staff member responsible in the particular area of the problem' within a reasonable time after the incident or action being grieved occurred. Rules 33-103.005 and 33-103.011(1)(a), Fla. Admin. Code. If the issue is not resolved at the informal level, the inmate must then file a formal grievance to the Warden's office at the institutional level. Rule 33-103.006, Fla. Admin. Code. If the issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. Rule 33-103.007, Fla. Admin. Code.

Motion at 8. Defendants contend that Plaintiff did not properly comply with Department's administrative grievance procedure because he bypassed the second step, the filing of a formal grievance, and proceeded directly to the final step, the filing an appeal with the Secretary on May 25, 2011 (log no. 11-6-15773). In his appeal grievance, Plaintiff alleged that "there had been a 59-day delay of medical treatment and that a proper evaluation of his condition requires an MRI and examination by an orthopedic specialist." As relief, Plaintiff requested "immediate" medical treatment. Id. On June 2, 2011, the Secretary returned the grievance appeal to Plaintiff "without action" stating:

> Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 22-103.006, Inmate Grievance Procedure. You did not provide this office with

> a copy of the formal grievance filed at the institutional level as required by the rule or the reason you provided for bypassing that level of the grievance procedure is not acceptable.
>
> Office of Health Services has been copied on your issue.
>
> Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Motion, Exhs. B-C.

Upon review of the pleadings and exhibits, it is clear that Plaintiff did not comply with the Department's three-step procedure prior to commencing this action. Plaintiff filed an informal grievance on April 15, 2011. The following response, dated May 3, 2011, was provided to Plaintiff:

> In speaking with the medical department, Dr. Cabrero stated that a MRI for L-5 column evaluation has been submitted and is pending approval. Based on this information your informal grievance is approved.
>
> Delay due to Investigation-Evaluation Submitted 4/28/11.

Id. at Exh. A. Plaintiff then proceeded to file an appeal with the Secretary. Id. at Exh. B. Because Plaintiff by-passed the filing of a formal grievance, as required by Rule 33-103.006, Fla. Admin. Code., prior to filing the appeal, the appeal was returned without any action by the Secretary. Id.

Plaintiff states in his Response that, since the filing of his Complaint, he has now exhausted his administrative remedies, as well as initiated and appealed individual grievances as to each of

Plaintiff's medical conditions. Response at 2-3. As evidence, Plaintiff attaches the various grievances he submitted concerning each of his alleged chronic injuries. See generally, Id. at Exhs. A-I. However, none of these grievances, including the appeals therefrom, were submitted and reviewed prior to the commencement of this action. As noted *supra*, exhaustion of administrative remedies is a precondition to suit, which means that prisoners are required to complete the administrative process **before** they initiate a suit. Higginbottom v. Carter, 223 F.3d at 1261. Consequently, because Plaintiff failed to exhaust his remedies prior to initiating this action, his Complaint is dismissed without prejudice pursuant to § 1997e(a). As a result, the Court need not address the other grounds for dismissal raised in the Motion.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Amended Motion to Dismiss (Doc. #22) is **GRANTED**, and Plaintiff's Complaint is dismissed **without prejudice**.

2. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __29th__ day of February, 2012.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record